# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Susana B. Navarro, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 15-1712 (CKK) |
| | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

This matter is before the Court on the Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 9]. For the reasons discussed below, the motion will be granted.

### I. BACKGROUND

The plaintiff, a resident of the Philippines, *see* Compl. at 1, was awarded "monthly widow's insurance benefits under Title II of the Social Security Act effective May 2006 . . . based on the Social Security record of her deceased husband, Eugenio Navarro," Brief in Support of Def.'s Mot. to Dismiss Pl.'s Compl. [ECF No. 9] ("Def.'s Mot."), Nicoll Decl. [ECF No. 9-1] ¶ 3(a). On March 31, 2009, the Social Security Administration ("SSA") informed plaintiff that it would deduct Federal income tax from her widow's insurance benefits. Nicoll Decl. ¶ 3(b). In relevant part, SSA's notice provided:

> We are deducting a Federal income tax from your benefits each month. We will stop deducting the tax or deduct it at a lower rate if:
> - You become a U.S. citizen;
>   OR

> - You live in the United States, Canada, Egypt, Germany, Ireland, Israel, Italy, Japan, Romania, Switzerland or the United Kingdom.
>
> Please let us know if any of these things happen.
>
> We collect this tax for the Internal Revenue Service.  So, if you disagree with the decision to tax your benefits, you will have to contact [the IRS] to appeal.  However, if you think we made a mistake about where you live or about your citizenship, let us know.  We will correct the mistake.

*Id*., Ex. 2 (Letter to plaintiff from SSA, Office of Central Operations, dated March 31, 2009) at 1.

Further, SSA included instructions for an appeal:

> If you disagree with this decision, you have the right to appeal.  We will review your case and consider any new facts you have . . . .  We will correct any mistakes.  We will review those parts of the decision which you believe are wrong and will at any new facts you have.  We may also review those parts which you believe are correct and may make them unfavorable or less favorable to you.

*Id*., Ex. 2 at 1-2.

Plaintiff unsuccessfully appealed the SSA's decision, and the SSA "continue[d] to deduct a Federal income tax" because "[t]he new facts [plaintiff provided] did not cause [the SSA] to stop deducting the tax."  *Id*., Ex. 3 (Letter to plaintiff from SSA, Office of Central Operations, dated September 19, 2013) at 1.  The SSA's response included instructions for filing an appeal within 60 days of plaintiff's receipt of the September 19, 2013 decision.  *See id*., Ex. 3 at 2.

In subsequent correspondence, plaintiff argued that the deductions were not warranted based on her late husband's residency in the United States.[1]  *See* Compl. at 1.  The SSA responded that it did "not have any records of Eugenio Navarro having 5 year United States residency."  Nicoll Decl., Ex. 4 (Letter to plaintiff from SSA, Office of Central Operations, dated

---

[1] The significance of the decedent's residency for purposes of the SSA's decision to deduct Federal income tax is not clear.

2

March 10, 2014). Thus, the SSA "determined that it would continue to deduct Federal taxes from the widow's insurance benefits to which . . . plaintiff is entitled." *Id*. ¶ 3(d). According to the SSA's declarant, the "available record does not show any subsequent appeal to the [SSA] or any subsequent [SSA] determinations or decisions concerning . . . plaintiff." *Id*. ¶ 3(d).

## II. DISCUSSION

The SSA moves to dismiss on the ground that plaintiff did not exhaust her administrative remedies before filing her complaint. *See generally* Def.'s Mot. at 2-4. The Court construes the motion as one under Federal Rule of Civil Procedure 12(b)(6). *See Cost v. Soc. Sec. Admin.*, 770 F. Supp. 2d 45, 48 (D.D.C. 2011), *aff'd,* No. 11-5132, 2011 WL 6759544 (D.C. Cir. Dec. 2, 2011). A complaint survives a Rule 12(b)(6) motion if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "[T]he complaint is construed liberally in the plaintiff['s] favor, and [the court] grant[s] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

"Any individual, *after any final decision* of the Commissioner of Social Security made *after a hearing* to which [she] was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision . . . ." 42 U.S.C.A. § 405(g) (emphasis added); *see Califano v. Sanders*, 430 U.S. 99, 108 (1977) ("This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'"). The meaning of the term "final decision" is set by regulation. *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). "The applicable regulations specify four administrative review levels through which a claim for social security benefits must

pass – initial determination, reconsideration, [Administrative Law Judge] hearing, and Appeals Council review – before any decision is deemed 'final.'" *Suarez v. Colvin*, 140 F. Supp. 3d 94, 99 (D.D.C. 2015) (citing 20 C.F.R. § 404.900(a)(1–5)). "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger*, 422 U.S. at 765.

The factual allegations of the complaint are few. Plaintiff clearly brings this action under 42 U.S.C. § 405(g) against the Commissioner of Social Security, and she mentions "w/holding taxes, citizenship status of [her] late husband and his earnings record." Compl. at 1; *see id*., Ex. 4 (Letter to the Clerk of Court from plaintiff dated February 24, 2014). Based on defendant's submission, it appears that plaintiff has obtained an initial decision and reconsideration of the SSA's decision to deduct Federal income tax on behalf of the IRS. Missing from the complaint, however, are any factual allegations to support the notion that plaintiff has progressed beyond the first two steps of SSA's four-step administrative review process. Plaintiff does not allege that she has had a hearing before an Administrative Law Judge or review by the Appeals Council. Thus, plaintiff's failure to file an appeal of the SSA's determination means that she "has not exhausted her administrative remedies and obtained a judicially reviewable 'final decision after a hearing.'" Def.'s Mem. at 4 (citing 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5)).

## III. CONCLUSION

The Court concludes that plaintiff did not exhaust her administrative remedies before filing this civil action, and it will grant defendant's motion to dismiss. An Order is issued separately.


DATE: November 18, 2016                 /s/
                                        COLLEEN KOLLAR KOTELLY
                                        United States District Court Judge